I'm in the same role here today that I was in the district court on the ODOT case for Ms. Wroncy. You should state your name. I'm sorry, I'm David Force, appearing simply to present oral argument on behalf of Ms. Wroncy who remains pro se litigant on this case. Clearly, I think Mr. Williams and I are fully in agreement that if you reverse the decision in the ODOT case, you must reverse the decision in this case. So I'm going to vote. If we don't reverse the ODOT case, then we wouldn't reverse this case. I would not agree with that. That's what I prepared to argue. Okay. Why not? Because the factual allegations are different in this case than they were in the ODOT case. And there was no motion for summary judgment before the court in this case to which the plaintiff had any opportunity to present evidence. There simply wasn't a motion. There wasn't even a Rule 12 motion. This was a housekeeping decision by Judge Coffin who felt that he figured out this lady's claims apparently and didn't need to bother to have a proceeding recognized under the this case off the docket. I think that's a fair characterization of what happened here. He didn't even tell the defendant that he was reviving a motion for summary judgment and the motion for summary judgment that he found revived was a statute of limitations question that had nothing to do with causation or disease or anything. So let's just come back again to this causation issue. Assuming we were to accept the magistrate judge's ruling in the ODOT case on causation to the effect that her burden was to establish a tribal issue as to the herbicide as opposed to any other of the numerous potential causes, just assuming that. What in the Lane County case would distinguish the facts of the cases and therefore require reversal of the summary judgment here? Well simply that she'd have if this summary judgment in this case is reversed, she'll have the opportunity to present precisely the kind of evidence that Judge Coffin felt was necessary to establish the causation in a summary judgment context in the ODOT case, but she never had that opportunity in this case. Reversing and remanding this judgment doesn't presume what the outcome will be. It just gives her the minimal procedural protections which the law is supposed to provide to litigants and which this court has historically provided particularly to pro se litigants. Was there a prior ruling in this case that there was a tribal issue on causation? No. There was a prior ruling that there was a tribal issue as to the statute of limitations. That's the only issue that was raised in anything that was decided by the court in this case before all of a sudden the judge created a motion for summary judgment. Let me just make sure I understand your position. If we were to determine in the ODOT case that causation was a fatal link and therefore to affirm, are you suggesting that in this case if we were to reverse because of the procedural problem, you would put on different or potentially different evidence than in the ODOT case? Oh, most certainly. Because as I understand what you're at, the if part of the if then statement would be affirming the ODOT case because of the notion that the plaintiff had not presented evidence in response to the motion for summary judgment showing that the pesticides or the herbicides were more likely than other causes to be the cause of her aggravations each time that occurred. So in other words, if there was a failure of proof on her part there, it's not a matter of law that she couldn't establish it in another case. Absolutely. Okay. And she readily could. Thank you.  May it please the court, David Williams for Lane County. We do agree, as we've indicated in our brief, that if you reverse on the ODOT case, this one needs to go back. That's simply not an issue. With regard to the secondary question, what if you affirm the ODOT case, does that necessarily mean affirming on any of the issues raised on appeal? I think the answer to that is clearly yes because the issue raised on appeal is there really are two. One is the argument about summary judgment, and it's the label, and so much is placed on the label. And the second argument is the ODOT decision is wrong. Well, that really makes one issue. Was there a procedural difficulty in this in the trial court asking the parties to brief the dispositive effect of the ODOT case, and I'm calling it the ODOT case rather than the Gabbard case. I think that's consistent with the terminology. Did you get a notice that the effect, the dispositive effect of the ODOT case was going to be argued before the judge on a day certain? That's correct, Your Honor. And I understand that there's maybe a dispute about whether she was still pro se. Mr. Forrest. She didn't know that that was going to happen. Mr. Forrest's comment to you that he's in the same position on this case as he was on the other one, I honestly, the record would reflect what the record reflects, but I do not remember Mr. Forrest being involved at the trial level in our case. He may have. I think he wasn't saying that he was. No, he didn't say he was. To the best of my knowledge, she was pro se. And she did receive the notice that was sent to both parties asking them to brief the dispositive effects. It does seem to me that there's a potential argument, not made, but a potential argument. I didn't know what dispositive meant, but her response was labeled objection to dismissal, if I remember. She knew what was coming. And in terms of the record would reflect that she knew and her response would indicate that she was attempting to say the Gabbard case, the ODOT case should not result in the dismissal of mine. That seems to be the only issue raised. The magistrate's analysis does not attack the lack of evidence coming from her or anything on that basis. He's simply, I think, I think the way this is briefed is the way the magistrate probably handled it. It looks like the evidentiary decision over in the ODOT case ought to, you know, maybe does it lead to the same result in this case? Please brief that. The parties did. And then what the magistrate did, he says, okay, I'm going to construe the earlier motion for summary judgment as a renewed motion for summary judgment. No one had asked him to do that. He gave it a label. I guess my question is, because I had a little trouble figuring out exactly the grounds for his decision in ODOT, so much of that was really targeted to the MCS, porphyria distinction dichotomy, and not the causation, so I'm wondering, that seemed to be what she then provided a response to, as if that were the main issue, and causation wasn't sort of rebriefed or responded to in your case, was it? I don't think so. I think she basically was saying, as she has said on appeal, in this case, Judge Coughlin was wrong in that case. That's been the essential argument. Right. But the question is, what was he wrong about? I guess I'm wondering. He's wrong about, he's certainly wrong about the diagnosis, and I think that she has clearly focused on the admissibility of the diagnosis. Let's say that she had a fair chance to respond on that point, because that seemed to be the focus, but whether he was wrong in that case on causation as it affects this case, that seems to me was not necessarily decided, and I'm wondering, you know, apart from of course everyone would like to win their case on appeal and be done with it, what would be wrong with the judge take a look at that issue in this case, which may or may not be the same. I just don't know that it is. I think the difficulty is the answer is the questions are so intertwined, is because the allegations of causation are because of my porphyria or multiple chemical sensitivity, and if you don't have the because of there as an admissible piece, you don't have that necessarily. Right. But if one of, you know, I don't know how we're going to decide the first case, but because the judge merged these concepts, there's some lack of clarity on that point, and to the extent we would not have to deal with that, I'm sure we would like to look if there are alternate grounds to address the case on one way or the other. So if we were to not address the case on the because of basis, would you agree that in your case that there still is left open that avenue of causation? Except that that's not raised as an issue on appeal. There may be a number of arguments that might have been raised that someone in the plaintiff's position might raise that would cause you difficulty or not. That's not one that's particularly raised. And you don't think that's raised in the context of the procedural challenge to the summary judgment? I don't. Okay. I appreciate that. Thank you. All right. Did you have rebuttal? Just this. The notice, the only notice from anybody that Ms. Ronci, as a pro se litigant, got to the about this issue is ER 31. It's a three-line minute order from the court that says the parties are directed to file with the court no later than 11-18-02, briefing on the issue of whether this court's order in 99-609-2, et cetera, Ronci versus ODOT is dispositive of the issues presented in this case, case taken under advisement as of 11-25-2002. How that required her to respond to a motion for summary judgment on facts and with scientific evidence in this case, separate from what she had already submitted in that ODOT case, is a mystery to me. And it was a mystery to her. And there was no motion for summary judgment pending, anyway. There wasn't even a motion to dismiss pending. There was no motion. Well, the Supreme Court has said that district courts may, occasionally, if they have to justify it, corresponding a grant summary judgment on papers that they have. But we don't have to decide whether they have the power. We have to decide, in this case, whether this was an abuse of the discretion that they have. I agree. Thank you. Our convention that it was. Thank you. Ronci versus Lane County is submitted. The next case for argument is Thomas versus City of Beaverton.
judges: Goodwin, McKeown, Fisher